UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Michael DeNiro | Dale Hudson | |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS (Dkt. 10, filed October 29, 2015)

## I. INTRODUCTION

On September 21, 2015, plaintiff Joseph Glancy filed this action in the Santa Barbara County Superior Court against defendant Carl Zeiss, Inc. ("Zeiss," or the "Company") and Does 1-50. Plaintiff's complaint asserts claims for (1) breach of contract and (2) negligent misrepresentation. On October 22, 2015, defendant timely filed a notice of removal on the basis of diversity citizenship. Dkt. 1.

On October 29, 2015, defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. On November 9, 2015, plaintiff filed an opposition to the instant motion, dkt. 11, and on November 16, 2015, defendant filed a reply, dkt. 14. The Court held oral argument on November 30, 2015. Having carefully considered the parties' arguments, the court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that on April 15, 2011, he accepted an offer to become "Vice President, North American Sales, [for] Carl Zeiss NTS, LLC." Compl. ¶ 1. On April 18, 2011, plaintiff began his employment with defendant Zeiss under the terms of an employment agreement (the "Agreement"), which contained the following provision (the "severance provision"):

> A severance in the amount of $150,000, less applicable state
> and federal taxes, will be paid out to you in the event Carl Zeiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

> severs your employment for reasons other than gross misconduct. This is specifically aimed at providing financial protection for you in the event of reorganization within Carl Zeiss that results in the elimination of your position.

Id. ¶ 7.

Plaintiff alleges that in September 2011, he recognized "indicia of reorganization within Zeiss and concluded, correctly, that such reorganization would result in the elimination of his position of Vice President, North American Sales," as of October 1, 2011. Id. ¶ 17. Accordingly, plaintiff alleges that on Friday, September 30, 2011, he faxed a letter to Eileen M. Hallahan, Zeiss's director of human resources, requesting that he be paid the severance payment of $150,000, as well as "the balance of salary, bonuses, paid time off, expenses, and other monies he was due" under the Agreement. Id. ¶¶ 18-20.

On Monday, October 3, 2011, Meg Donahue, Zeiss's Vice President of Human Relations, sent plaintiff a letter entitled, "Re: Your Fax 30 September, 2011." Id. ¶ 22. The letter stated, in relevant part:

> Carl Zeiss NTS, LLC (the "Company") declines your request for payment of severance in the amount of $150,000.
>
> The strategic realignment of the Microscopy and the Company business activities did not result in the elimination of your position or severance from Carl Zeiss. You have been offered an equivalent position within the Carl Zeiss organization.
>
> As you have not accepted this offer, we assume that you have resigned your employment effective Sept. 30. If this assumption is incorrect, please advise me by the close of business EDT on Tuesday, October 4, 2011.

Id. ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

      Plaintiff avers that on Monday, October 3, 2011, the employees who had previously reported directly to him "no longer reported to him because his position as Vice President, North American Sales . . . had been eliminated." Id. ¶ 14. In addition, plaintiff alleges that on October 3, 2011, he no longer reported to his supervisor, Daniel McGee, and "was no longer able to access email, appointments, and make calls from his Blackberry phone, because his position as Vice President, North American Sales . . . had been eliminated and those capabilities were disabled by Zeiss." Id. ¶¶ 13, 15-16.

      Plaintiff further alleges in the complaint (1) that he "did not accept" an "equivalent position within the Carl Zeiss organization," (2) that he "did not resign his position as Vice President, North American Sales, Carl Zeiss NTS, LLC," and (3) that his "employment under the April 15, 2011, employment agreement with Carl Zeiss NTS, LLC ended on September 30, 2011." Id. ¶¶ 25-27. Plaintiff also alleges that "[i]n addition to declining to make the payment of severance in the amount of $150,000.00, Zeiss also did not pay [plaintiff] the balance of salary, bonuses, paid time off, expenses and other monies he was due under the contract that he had" with defendant. Id. ¶ 28.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

      A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

      In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                                                 'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

## IV. DISCUSSION

### A. Claim One for Breach of Contract

Under California law, the fundamental goal of contract interpretation is to give effect to the mutual intention of the parties as it existed at the time they entered into the contract. Bank of the West v. Superior Court, 2 Cal.4th 1254, 1264 (1992); see also Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."). That intent is interpreted according to objective rather than subjective criteria. Wolf v. Walt Disney Pictures & Television, 162 Cal.App.4th 1107, 1126 (2008). Where, as here, "a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible," Cal. Civ. Code § 1639, and the words are to be understood "in their ordinary and popular sense," id. § 1644. See also 1 Witkin, Summary of California Law, Contracts § 745 (10th ed. 2005). When "the language [of a contract] is clear and explicit, and does not involve an absurdity," then such language "is to govern [the contract's] interpretation." Cal. Civ. Code § 1638.

Whether a contract is ambiguous is a question of law. Hillman v. Leland E. Burns, Inc., 209 Cal.App.3d 860, 866 (1989). "[W]here an ambiguous contract is the basis of an action, it is proper, if not essential, for a plaintiff to allege its own construction of the agreement." Marina Tenants Assn. v. Deauville Marina Development Co., 181 Cal.App.3d 122, 128 (1986) (emphasis added). At the pleading stage, "[w]hen reviewing whether a plaintiff has properly stated a cause of action for breach of contract, we must determine whether the alleged agreement is *'reasonably susceptible'* to the meaning ascribed to it in the complaint." Hervey v. Mercury Casualty Co., 185 Cal. App. 4th 954, 964 (2010) (emphasis added) (citation omitted). "So long as the pleading does not place a clearly erroneous construction upon the provisions of the contract, in passing upon the sufficiency of the complaint, we must accept as correct plaintiff's allegations as to the meaning of the agreement." Marzec v. California Pub. Employees Ret. Sys., 236 Cal. App. 4th 889, 909 (2015) (citing Aragon–Haas v. Family Security Ins. Services, Inc., 231 Cal. App. 3d 232, 239 (1991)).

In the instant action, therefore, for plaintiff to survive a 12(b)(6) motion to dismiss, plaintiff's complaint must set forth a "reasonable interpretation" of the employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                                                                              'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

agreement with Carl Zeiss. Klein v. Chevron U.S.A., Inc., 202 Cal. App. 4th 1342, 1385, 137 (2012). Notably, "[i]n ruling on a demurrer, the likelihood that the pleader will be able to prove his allegations is not the question." Shaw v. Metro- Goldwyn-Mayer, Inc., 37 Cal. App. 3d 587, 599 (1974).

With these standards in mind, defendant argues that

> the only reasonable interpretation of the severance [provision] is that Plaintiff would be paid a severance in the event that his employment was ended completely . . . Plaintiff does not allege, nor could he, that Zeiss informed him that his employment was ending, or that Zeiss informed him that his position was being eliminated. Instead, [the complaint states that] Zeiss explicitly informed Plaintiff that his employment was **not** being severed, that his position was **not** being eliminated, and that he was "offered an equivalent position within the Carl Zeiss Organization."

Motion at 5-6 (emphasis in original) (citing Compl. ¶ 23). Thus, defendant contends that plaintiff's claim for breach of contract must be dismissed because plaintiff has failed to allege that Carl Zeiss ever "sever[ed] [plaintiff's] employment"—i.e., ended his employment completely. Id. at 5.

In his opposition to the instant motion, plaintiff argues that the language in the severance provision "is 'reasonably susceptible' to the interpretation . . . advanced in the complaint"—that is, "that the severance payment was due to him when *his* job with Zeiss was eliminated on September 30, 2011 . . . and that he was not obligated to accept an offer of 'an equivalent position' within the Company." Opp'n at 9. According to plaintiff, the Agreement "was not carefully crafted, and is not susceptible to only one reasonable interpretation," as it did not "spell[] out the conditions under which severance payments will and will not be paid." Id. at 11. Based upon the language of the Agreement, the facts as currently pled in the complaint, and the standard under California law that is to be applied at the pleading stage, the Court concludes that plaintiff has adequately stated a claim for breach of contract. Accordingly, defendant's motion must be denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
|---|---|---|---|
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

As an initial matter, the Court notes that nothing in the complaint suggests that the underlying employment agreement makes any mention of Zeiss's ability to avoid obligations arising under the severance provision by offering an employee an "equivalent position" in the event of the "elimination of [his or her] position." In other words, if Zeiss "severs [an employee's] employment for reasons other than gross misconduct," the mere fact that such severance followed the employee's rejection of what Zeiss avails was an "equivalent position" does not materially alter Zeiss's obligation to pay severance in the amount of $150,000. Notably, this is true even under defendant's own interpretation of the severance provision—namely, that (1) "sever[ing] employment" means "end[ing] Plaintiff's employment completely," and further that (2) the second sentence of the severance provision does not substantively "define the scope of the obligation" created in the first sentence. Motion at 2, 5.

At bottom, plaintiff's complaint appears simply to allege that his employment was in fact severed for reasons other than gross misconduct—that is, he was terminated because of his unwillingness to accept (what Zeiss represents was) an "equivalent position" following (what defendant avers was) "the elimination of his position." See Compl. ¶¶ 17-28. While defendant argues in the instant motion that "[p]laintiff *chose to end his employment with Zeiss voluntarily* when he decided not to transition into an equivalent position within Carl Zeiss," Motion at 6, this appears to contradict the facts as pled in the complaint, which the Court must accept as true for purposes of this motion. See Compl. ¶ 26 ("[Plaintiff] Glancy *did not resign* his position as Vice President, North American Sales.").[1] Furthermore, neither party references any language in the Agreement indicating that plaintiff's decision not to accept an "equivalent position"

---

[1] The text of the October 3, 2011 letter from Zeiss's Vice President of Human Relations does not require a different conclusion. According to the complaint, the letter stated, "As you have not accepted this offer, we assume you have resigned your employment effective Sept. 30. If this assumption is incorrect, please advise me by the close of business EDT on Tuesday, October 4, 2011." Compl. ¶ 23. Even if, as the letter suggests, *defendant* "*assumed*" that plaintiff had resigned his employment following his non-acceptance of the "equivalent position," defendant's assumption in this regard does not make any such "resignation" a reality (and certainly does not mean that plaintiff's complaint alleges as much).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

might constitute grounds for termination and forfeiture of plaintiff's right to the severance payment. See, e.g., Vincenzo v. Hewlett-Packard Co., No. 12-CV-03480-JCS, 2013 WL 3327892, at *4 (N.D. Cal. June 28, 2013) (noting that an employment agreement that "provide[d] benefits to covered employees who lost their employment as a result of . . . a reorganization" also "provide[d] that an employee is not eligible to receive benefits if he or she . . . refuses an offer of a comparable position (as determined by the Plan Administrator)").

Accordingly, plaintiff has successfully stated a claim for breach of contract, and defendant's motion must therefore be **DENIED**.[2]

### B. Claim Two for Negligent Misrepresentation

Defendant argues that plaintiff's claim for negligent misrepresentation must be dismissed because, as is apparent on the face of the complaint, the claim is barred by the applicable statute of limitations. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'") (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). Courts have applied both a two-year statute of limitations, Cal. Code Civ. P. § 339(1), and a three-year statute of limitations, Cal. Code Civ. P. § 338, to negligent misrepresentation claims arising under California law. Compare Ventura Cnty. Nat'l Bank v. Macker, 49 Cal. App. 4th 1528,

---

[2] Plaintiff's claim for breach of contract is also premised upon defendant's alleged failure to provide unpaid bonuses and salary, paid time off, and expenses. While defendant argues that the complaint fails to allege that the Agreement actually provides for payment of these monies, Reply at 11, this argument lacks merit. See Compl. ¶ 20 ("In his faxed September 30, 2011 letter . . . [plaintiff] . . . requested that he be paid the balance of salary, bonuses, paid time off, expenses and other monies *he was due under the contract he had with Carl Zeiss NTS, LLC*.") (emphasis added); see also id. ¶ 34 ("[Plaintiff] was harmed by those failures of Zeiss to pay . . . the balance of salary, bonuses, paid time off, expenses and other monies *he was due under the April 15, 2011 contract*.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-08265-CAS-KS | Date | November 30, 2015 |
| Title | JOSEPH GLANCY v. CARL ZEISS, INC., ET AL. | | |

1529 (1996) (applying two-year limitations period), with Malmen v. World Sav. Inc., No. CV 10-9009 AHM, 2011 WL 1464587, *3 (C.D. Cal. 2011) (applying three-year limitations period).

Here, however, it is apparent from the face of the complaint that plaintiff's claim accrued, at the latest, on October 3, 2011, when he allegedly became aware that he may have been wronged. Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1988) ("[T]he common law rule[] that an action accrues on the date of injury . . . applies only as modified by the 'discovery rule' . . . [which] provides that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause."). Accordingly, plaintiff's claim is time-barred irrespective of which statute of limitations applies; indeed, plaintiff concedes in his opposition that "[t]he Court should dismiss the Second Cause of Action for negligent misrepresentation because it is time-barred." Opp'n at 12-13 ("[Plaintiff] cannot cite mandatory authority that contradicts [defendant's] position that his Second Cause of Action for negligent misrepresentation is time-barred.").

Accordingly, plaintiff's claim for negligent misrepresentation is **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's claim for negligent misrepresentation is **DISMISSED WITH PREJUDICE**. Defendant's motion to dismiss is otherwise **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CL | |